# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth
Civil Other/Misc.

| | |
|---|---|
| Kyle Banks-Martin,<br>*Plaintiff*<br><br>vs.<br><br>Trans Union LLC, Equifax Information Services LLC, Experian Information Services LLC,<br>*Defendants* | **COMPLAINT** |

Plaintiff, by and through his attorneys, for his complaint against Defendants upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1.    The following case highlights a broken credit system that leaves consumers with little to no power to combat the reporting of blatantly false debts that cripple them from utilizing the credit system.  In the present case, the United States Department of Education ("Department of Ed.") furnished false information to the major credit reporting agencies resulting in derogatory information being unfairly published to Mr. Bank's credit report. The result of posting this information was and is significant damage to Plaintiff's credit rating. The Fair Credit Reporting Act, provides an express remedy for such situations whereby a consumer must, at their own time and expense, notify the various consumer reporting agencies ("CRAs") of the error. Given the complexity of credit reporting, the process of lodging requests to correct information can be an arduous process pulling individuals away from friends and family and decreasing the life enjoyment as consumers are forced to track down and correct information for the CRAs. Accounts of some

3

consumers taking months, or even years, to rectify consumer reporting errors abound. This process is further frustrated by the fact that hundreds of CRAs exist nationally and no centralized dispute system exists.[1]

Upon discovering the errors, Mr. Banks undertook the process of making his requests for the CRA defendants to remove the false information in question. However, with one exception, the CRAs incredibly ignored his requests and their obligations under federal law to reinvestigate the incorrect information at issue. Trans Union Information Services LLC ("Trans Union") was the only CRA to even respond to Plaintiff's dispute; however, the CRA does not appear to have actually performed an investigation as according to records the company affirmed the false information as correct hours after receiving it suggesting no substantive investigation took place.

As a direct result of Defendants' actions and inactions, Plaintiff's credit score has been decimated making it impossible for him to utilize any aspect of the credit system. This has affected his ability to buy a home, rent an apartment, purchase a car, and even his ability to get a cellular phone. To say defendants have meddled in every aspect of Plaintiff's life while refusing to discharge their duties is an understatement.

## STATEMENT OF JURISDICTION AND VENUE

2.    This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA") and the presumption of concurrent state court jurisdiction.

3.    Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

---

[1] The FCRA removed a consumer's ability to take action for defamation under state law. This effectively allows for CRAs to defame individuals with regard to allegations they have not paid debts. The law created procedural hurdles that must be cleared (namely a pre-litigation dispute process) prior to initiating litigation.

4

4.      Plaintiff is an adult resident of Hennepin, Minnesota

5.      Trans Union LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

6.      Equifax is a nationally recognized consumer reporting agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

7.      Experian Information Services LLC ("Experian") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

## FACTS

9.      Plaintiff is an individual "consumer" as defined by § 1681a(c).

10.      The Defendants ("the CRAs") are consumer reporting agencies ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

11.      The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information, including that Plaintiff was responsible for thousands of dollars in debt.

12.      Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

13.      The direct result of the CRA issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to his ability to borrow money, conduct commerce, and function within modern society.

5

14.    Specifically, the CRA false reports have, to date, prevented Plaintiff from obtaining a home loan and purchasing his dream home.

15.    As a direct result of the CRAs' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving his social and economic position.

16.    In May of 2021 Plaintiff noticed a tradeline on his credit report indicating he owed a debt of $10,894 to United States Department of Education ("the Alleged Debt"): In fact, Plaintiff previously consolidated the debt from 2011 in 2013 through loan forgiveness program.

17.    The account was thereafter discharged and/ or otherwise paid in full.

18.    Despite this the tradeline in question stated the account was delinquent, causing substantial harm to Plaintiff's ability to borrow money and conduct business.

19.    Defendants together with the Department of Ed. further perpetuated the problem by repeatedly reageing the Alleged Debt in an effort to circumvent the Fair Credit Reporting Act protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

20.    Plaintiff disputes the debt in question and has reason to believe the debt is not in fact due and owing: Specifically, he has proof that the debt in question has been consolidated with other debts and is in a forgiveness program.

21.    Plaintiff promptly disputed the alleged debt with each of the CRAs.

22.    Specifically, Plaintiff sent all Defendants such notices via certified mail on or about May 22, 2021.

23.    Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

24. Trans Union sent a response in writing alleging it had investigated the disputed information and confirmed that Mr. Banks was responsible for the debt and providing no further information.

25. Trans Union similarly updated the account in question to reflect that the account was active in 2020 thereby assuring the debt will remain on Plaintiff's credit report perpetually.

26. Despite the plainly false nature of the Alleged Debt, all of Plaintiff's credit reports maintained by Defendants contained to contain the false information.

27. The direct result of Defendants false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit card.

28. Similarly, as a further result of Defendants' systematic failure to fulfill their statutory duties as CRAs, Plaintiff suffered personal financial loss and loss of standing in the community.

29. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

30. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or his report and that procedures exist to assure outdated information is not contained on consumer reports.

31. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

32.     The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

33.     If after any reinvestigation an item is found to be inaccurate or cannot be verified, the CRA must promptly delete that item from the file of the consumer.

34.     CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT
### Willful Noncompliance with the FCRA
(Against All Parties)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

   a.   failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   b.   failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   c.   failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

37. Additionally, Equifax and Experian also willfully failed to comply with the requirements of FCRA, including but not limited to:

   d.   Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the results of its investigation.

8

38. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT
### Negligent Noncompliance with the FCRA
(Against All Defendants)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The CRAs all negligently failed to comply with the requirements of the FCRA, including but not limited to:

    a.  failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

    b.  failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

    c.  failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

41. Additionally, Equifax and Experian also willfully failed to comply with the requirements of FCRA, including but not limited to:

    e.  Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the results of its investigation.

42. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities,

9

emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## Jury Demand

43.   Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

a.   All actual compensatory damages suffered;

b.   statutory damages in an amount up to $1,000.00 per violation, pursuant to 15 U.S.C. §1681n;

c.   Injunctive relief prohibiting such conduct in the future;

d.   Reasonable attorney's fees, litigation expenses, and cost of suit; and

e.   Any other relief deemed appropriate by this Honorable Court.

Dated: July 11th, 2021             **MINNESOTA LEGAL ASSISTANCE**

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
1161 E. Wayzata Blvd. #314
Wayzata MN 55391
(612) 470-6529
dmadgett@mnlegalassistance.com

ATTORNEY FOR PLAINTIFF

**Michele Pate**

| | |
|---|---|
| **From:** | cscmattermanagement@cscinfo.com |
| **Sent:** | Monday, July 19, 2021 1:30 PM |
| **To:** | Ann Doglione-Cormany; Michele Pate; Cheryl Sackett; donald.wagner@transunion.com; Laura Rang; kristine.camba@transunion.com; Tanya Vollmer; daisy.cornejo@transunion.com; anne.reader@transunion.com; Tami Johnson; Kimberly Nagl |
| **Subject:** | New Service of Process - Summons/Complaint - Transmittal: 23501194 |

# New Service of Process Added to Matter Notification

*This message is an alert only. Please do not reply to this message.*
*The following new Document(s) have been added to the following matter.*

Alert Date: 07/19/2021

**Assigned Document(s):**

| | |
|---|---|
| **Document ID:** | <u>33636645</u> (View/Share the Document) |
| **Document Title :** | Summons/Complaint |
| **Answer Date :** | 20 |
| **Entity as Established :** | Trans Union LLC |
| **Date Served :** | 07/16/2021 |
| **CSC Doc type :** | Summons/Complaint |
| **Court :** | Hennepin County District Court |
| **State Served :** | Minnesota |
| **Document is Time Sensitive :** | |
| **Document is Service Of Process :** | Yes |

**Matter Information:**

11409381

**Matter ID:** <u>11409381</u> (Go to Matter Detail Folders)
**Matter Id :**

| | |
|---|---|
| **Matter Full Name :** | Kyle Banks-Martin vs. Trans Union LLC |
| **Jurisdiction :** | Minnesota |
| **Court :** | Hennepin County District Court |
| **Cause # :** | Not Shown |
| **Nature of Case :** | Violation of State/Federal Act |

**Matter Users:**
Kristine Bernal Camba Kristine.Camba@transunion.com
Paul Myers pmyers@qslwm.com
Robert Schuckit rschuckit@schuckitlaw.com
Michele Pate mpate@schuckitlaw.com
Albert Hartmann AHartmann@ReedSmith.com
Marianne Litwa Marianne.Litwa@transunion.com
Donald Wagner Donald.Wagner@transunion.com
Ann Doglione-Cormany acormany@schuckitlaw.com
Cheryl Sackett Cheryl.Sackett@transunion.com
Danielle Nowlin Danielle.Nowlin@transunion.com
Nikisha Kimp Nikisha.Kimp@transunion.com
Tanya Vollmer Tanya.Vollmer@transunion.com